Vito Delacruz, Assistant Federal Public Defender May it please the Court, good morning. My name is Vito Delacruz. I'm an Assistant Federal Public Defender for the District of Nevada. I'd like to reserve about a minute for rebuttal, Your Honor. Your Honor, in this case, where I'd like to start actually is by arguing off of the red brief of the government file. Let me ask you a question. Yes, sir. It looked to me when I studied the briefs as though the heart of the theory of ineffective assistance was defense counsel's failure to anticipate our holding in ye. But ye had not yet been decided when defense counsel was performing his duties. And I don't understand how it can be ineffective assistance to fail to realize that a case that's good for you is going to come down after your case is over. I must be missing something. Tell me what. The answer to that question, Your Honor, is that Taylor had been decided in 1990 by the Supreme Court of the United States. Sure, but Taylor doesn't answer your question on burglary of a car. No, Your Honor, but Taylor did establish the categorical approach to determining whether an enhancement, a sentencing enhancement, should be applicable when the underlying conviction was a burglary. It defined under the categorical approach and permitted the use of a burglary for enhancement purposes if it met the generic definition of that term, which was the entry or remaining into a structure with the intent to commit a crime therein. Taylor was preceded in this circuit by United States v. Scherbani, which was along the same lines. The reasoning of those cases continued thereafter. Parker v. United States v. Parker happened after Taylor was pronounced by the Supreme Court. And in 1994, the United States Sentencing Commission added burglary into the definition of enhancements. As we've indicated in the brief, the Congress and through the commission is presumed to know what the Supreme Court presidents should be and is. And adding that definition into the sentencing guidelines, I think, led to the analysis, led to a whole series of litigation with respect to the possible or potential use of prior burglary convictions for sentencing purposes. Now, in this case in particular, the pre-sentence report, there was actually an underlying problem, and that is in the pre-sentence report at the time that it was issued and submitted to the Court, specifically I believe it's paragraph 25 of the pre-sentence report, which is in the excerpts of record at page 269, I believe. Yes, 269 of the excerpts. Paragraph 25 of the pre-sentence report neither contained any kind of citing, a cite to a state statute or to a judgment of conviction, nor to any other noticeable facts with respect to the underlying conviction of attempted burglary. It was simply defined as attempted burglary. When sentencing was occurring, defense counsel did not contest the application of that underlying burglary as an enhancement, a 16-level enhancement at that under the immigration statute, Guidelines of 2L1.2. He simply conceded its application, its definition as an aggravated felony, and thereafter simply moved to for a downward departure on the basis that it wasn't a very, as I believe counsel stated on the record, that the underlying felony burglary conviction didn't or lacked pizzazz, as was indicated in the record. The problem I'm having is there are too many steps. In order, you have to show that counsel fell below the minimally competent level, the minimal level of competency had demanded of counsel for constitutional purposes. That doesn't mean he has to be a good lawyer. He just has to be minimally effective at this. And he looks at this, and it's a burglary, breaking into a car. There's no case out there, no authority out there that says that that doesn't fit the enhancement. You're saying he should have looked at the Supreme Court case that says you take the definition in the statute rather than looking at the specific facts of the case, and he should have anticipated that we'd figure out when we finally got the case that this kind of burglary won't do for the enhancement. And it just seems too remote to me. Well, Your Honor, I think it isn't remote in this sense. With the authority that existed at the time, that is, that for enhancement purposes, Taylor must or sets out the categorical approach, reading this, especially reading this in light of the fact that there's no citation to either a certified judgment or a specific statute. I think reasonable counsel should have and was obligated to contest its application since this was the only thing that was cited. This conviction in paragraph 25 was the only conviction cited to trigger a threefold increase in the base offense level in this case. Now, as Judge Reed at the district court level found, ye was decided a mere nine months after the sentencing was imposed in this case. Should have counsel ---- A mere in the nine don't really affect me. It's the after that catches my attention. I understand, Your Honor. But if this determination had been made and this challenge had been made and ruled adversely to the defendant in this case, certainly an appeal is entirely reasonable, and that appeal would have been pending at the time that ye was decided. This, I believe all circuits have a requirement that in citing to briefs, there is a statement that we must disclose whether there are related issues or related cases to this matter at the time that the case is being submitted on the briefs or for argument. But even if that was not done here, the reasoning of Taylor, its progeny leading up to ye, in every single case that has occurred from then, has always adopted the definition and the approach, the categorical approach in determining the applicability of a sentencing. Counsel didn't have the advantage of Ninth Circuit law post-sentencing, did he? I'm sorry? Counsel did not have the advantage of reported case law post-sentencing. You're asking him to anticipate what the Ninth Circuit would do. That's a risky business. No, Your Honor. I was actually ---- No, I wasn't, and I do not say that he should have anticipated what Ninth Circuit case law should have been under ye, but he certainly should have contested this burglary's application under Taylor. Taylor was settled law. Taylor was Supreme Court precedent at the time and had been on the books for a broad nine years. And the cases that have resulted from Taylor all indicate that for these sentencing enhancement purposes, this kind of challenge is there. You're basically saying, why wasn't he as good as ye's lawyer? No, Your Honor. I think it's actually much more simple than that. Faced with ---- I don't know ye's lawyer, and I don't profess to know how good a lawyer he or she may be, but certainly ---- You have to win on this burglary of a car issue. At minimum, to ensure fairness and reliability in the sentencing process, Your Honor, I think that counsel should have contested this. At that time, the only thing that counsel contested this, the application of this attempted vehicular burglary as an enhancement, was to argue in 1999 that the 1995 guidelines applied. That's clearly not consistent with any circuit's law that I know of. That was the basis of this challenge. Before Judge Reed underlined ---- I mean, trial counsel said, this is not an aggravated felony. This is not an aggravated felony, because even though it's 1999, the 1995 guidelines apply. That is just simply beyond the pale of any level of reasonable ---- reasonably effective counsel. With respect to prejudice, I have one minute left, but I would simply say a 40-month increase in the maximum potential sentence that a defendant received here establishes prejudice, and I'll simply reserve another whatever time I have. Thank you, counsel. May it please the Court. My name is Don Gifford. I'm an assistant U.S. attorney for the District of Nevada. The first thing I would point out, though, to the panel is that the attorney for Mr. Gonzalez-Garcia did make exception to that, and that can be found at the excerpt of record 292, number 20 of the court docket entry, and also the trial counsel's affidavit at the excerpt of record at 57. It was noted in the judge's findings that the defendant objected to the classification of the felony as an aggravated felony, and that was denied. The holding of ye is the ---- applying Taylor to the Immigration and Nationalization Act was not commonplace. In fact, it was at ---- it's noted in ye that this was the first time that it had ever been applied. In fact, there were two subsequent cases that ye looked at that also came from other circuits. I believe one may have come from the Seventh Circuit, and I believe one came from the Fifth Circuit. Both, of course, were decided after this individual was sentenced, of course. But ye pointed out it was the first time that the burglary as defined at 1101A43G should include an analysis as done in Taylor. Now, Taylor was strictly, let's just look at the statute. As the subsequent case law developed, it talked about doing a modified approach, a modified categorical approach, where if the statute doesn't meet it, you have to look to other documents. And when you look to those other documents, you look to pleadings, you can look to transcripts of record. And subsequent case law has shown that you can look to a clear, unequivocated PSR. In this case, the court did adopt the PSR. In fact, as stated in the defendant's gray brief, it even points out that the court asked him whether or not the facts in the PSR are correct, and it was stated, yes, it was not objected to as the facts in the brief. Secondly, the court puts in its own records that it adopts the facts and findings in the PSR. The things that happen with the case that says that under Taylor, you can look at what the pre-sentence report says. I'm sorry, sir. Are you asking which cases you can look at the PSR? I'm asking what case holds that under the categorical approach in Taylor to determine what the prior crime was, the judge can look at the pre-sentence report in the present criminal case. The case that I believe may be discussed in Potter, and they cite to a case where, and I'm sorry I'm drawing a blank, but I also did cite another case, Esparza-Ponce, which is an F-sub case. However, they do talk to, which they cited in my brief, that talks about if you look to a clear PSR, that you can look to a PSR. And I believe that the language, the ---- It seems surprising to me. And the district court case that said that you could wouldn't really have much persuasive force. We can't just follow a district court case. So tell me, the circuit court case you say is Potter? Yes, sir. Yes, Your Honor. And what does Potter say? Well, Potter dealt with, and what happened in Potter was that the, Potter reiterated that you cannot look at a PSR, but it started looking at if there were other problems. In the Potter case, there was not a statute that was listed, and it said that without other information, you just can't look at a PSR by itself. However, there is a subsequent case that does say that Potter said that you can never look at a PSR, and if I can find that statute, or excuse me, find that case, is the Franklin case that I cited in my brief. Franklin says Potter does not teach us that a PSR can never be clear and convincing evidence for sentencing purposes. At the Potter case, that was also a 1990 case, that's where it came up where the district court just relied on a PSR, that there was no statute listed, but the sentence was affirmed in that case, though. So I guess actually the stronger case would be Franklin rather than Potter when it talks about the PSR. And how does this help you? The pre-sentence report says breaking into an automobile and taking a bag containing softball equipment. That doesn't look like burglary in a dwelling at the nighttime where violence is likely. You're correct, sir. What happened is when the Taylor case was decided, it was talking about the strict definition of what a burglary is and whether to enhance a sentence under the Career Criminal Act. Now, when they decided yee, that was under the Immigration and Nationalization Act. Taylor was very strictly confined in that Judge Fletcher said, Taylor, among other things, defines burglary to get the increase in the sentence. However, the increase in the sentence in 1101A43G where burglary is defined says theft or theft offenses or burglary. Now, yee didn't discuss theft at all. As counsel said, 1101A43G adding burglary to the statute came out in 1994, subsequent to Taylor. I think that Congress was very much aware of the law, especially under Taylor, and they said we don't want somebody that's an illegal alien who steals something, but because that state jurisdiction calls it a burglary rather than a theft, then he shouldn't get a bump. That's not fair. Anybody who commits a theft offense or a burglary offense all under this one statute gets a 16-level increase. In this case, what we have is that we have somebody who steals something out of a vehicle. The state of Nevada called it a burglary. And what's interesting about the burglary statute is that it encompasses a couple things. Number one, a burglary of a dwelling or breaking into a dwelling. It also encompasses the commission of an assault, which would be a violent offense, which would get the 16-level bump. And the third thing, which would be to commit a larceny. All three of those things would qualify as a 16-level bump, which this defendant got. And the burglary statute in Nevada is much different as discussed as the burglary statute as discussed in yee. Yee was very narrow as to only burglary. The burglary statute in Nevada includes other stuff that would also get the 16-level bump. But the 1101A43G, yee did not ever discuss theft offenses. In this case, maybe a burglary under common law may not always be a theft because you can break and enter and commit assault, and that would be a burglary. However, in this case, a theft offense can be a burglary. And that's what this defendant did. He broke into a vehicle and he took some stuff out, or softball equipment, I believe. He received his conviction. The state of Nevada, unfortunately, just calls it a burglary. Under yee, it's like, okay, he doesn't get the 16-level bump, but are we going to say that that is not a theft offense? The defense counsel, I gather, questioned the 16-level increase or enhancement, but he had reference to which version of the guidelines was appropriate, as of what date of the guidelines. He asked the court to use the 1995 guidelines. Without the hindsight of actually being there, what I have in the record indicates that was just one of the things that he asked the court to do. I don't think that that was the sole reason that he asked for the objection. Everything that's in the record that I have before me, and that the court has before itself, I believe simply says that, at the court docket entry, that the defendant objects to the classification of the felony as an aggravated felony. Also, what's attached, except for the record at 57, the trial counsel's affidavit that came from out of the 2255 that was attached to that hearing, in which he said that he objected on the basis of being considered an aggravated felony. My understanding is that, in my reading of the record, is that his objection was kind of a broad one. What he didn't do was that he didn't state Taylor. He didn't state Taylor. But what he did do was he did object to it. He says, Judge, among other things, number one, this is not really an aggravated felony, that he shouldn't get a bump. This doesn't constitute what he thought of. He just didn't say the magic language of Taylor. But at the time, Taylor did not apply to 1326 cases. 1326 cases happened in 2000 with Yee. And with Yee, he said that was the first time they applied using Taylor to the Immigration and Naturalization Act. And that's where 1101A43G, burglary, is found. Do you know if the defendant is still in custody or whether he's been deported? He is still in custody. I believe he is set to be released in September of 2004. You're sure of that, though? I have no other ñ all the information I have, he is still in custody, sir. Yes, sir. The earliest that he could be released is September 2004 is my understanding, sir, Your Honor. Thank you, counsel. Thank you, Your Honor. Your Honor, at page 194 of the excerpts of record, I asked Mr. Gamboa the question whether he had raised an objection to the 16th level enhancement. Answer, I don't think so. I asked him whether he had reviewed the sentencing memorandum. He said he had reviewed it. I asked him whether he had raised a challenge under Taylor v. United States. It's not that I recall. The only challenge that trial counsel made to the application of the enhancement was on the basis that the 1995 guidelines applied and not the 1998 versions, which were in effect at the time of the sentencing. Now, government counsel's statement that the Nevada statute for burglary is very broad by definition makes it inapplicable under Taylor for sentencing enhancement purposes. Their concession at page 11 of the red brief dictates that a remand in this case is necessary for that determination, even if the Court does not issue the writ from here. What page? What did you just say? The red brief at page 11, Your Honor, the government's brief. The government states, The government agrees to the extent that the burglary statute as cited in the defendant's opening brief could not be a burglary, in quotes, as defined under the categorical approach of Taylor v. United States. That concession, Your Honor, is sufficient basis for this case to be remanded back to the district court. The attempted vehicular burglary that this person was convicted under, as the statute indicates, as the government counsel points out and we pointed out, is so broad and so general that under Taylor's categorical approach it may not and cannot be used as an enhancement. At the time that Yee was decided under Rivers, this Court was interpreting the statute as it existed at the time of its inception. And that's the holding from the Rivers case. And because of that holding, the definition in Yee and the holding in Yee must have applied at the time that Taylor was already decided. Taylor dictated it. And Taylor in this case dictates a remand. Thank you, counsel. United States v. Gonzales-Garcia is submitted. Next we'll hear Meske v. Filer.
judges: Cudahy, Beezer, Kleinfeld